**<u>Exhibit B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. __** |

## FINAL ORDER (I) APPROVING
## NOTIFICATION AND HEARING PROCEDURES FOR
## CERTAIN TRANSFERS OF AND DECLARATIONS OF
## WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND
## PREFERRED STOCK AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock or any class (or series) of Preferred Stock; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this Court may enter a final order consistent with Article III of the United

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510). The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Procedures, as set forth in **Exhibit 1** attached hereto are hereby approved.

3.      Any transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio.* To the extent the Procedures were inapplicable to any person as a result of paragraph 4 of the Interim Order, any period of time to comply with the Procedures that was based on the receipt of notice of, or entry of, the Interim Order, shall instead be based on the receipt of notice of, or entry of, this Final Order.

4.      In the case of any such transfer of Beneficial Ownership of Common Stock or any series of Preferred Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions

specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio.*

5.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio.*

6.      The Debtors may prospectively or retroactively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

8.      Nothing herein shall preclude any person desirous of acquiring Common Stock or any class (or series) of Preferred Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Declaration Notice Parties' rights to oppose such relief.

9.      The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

10.      Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense

claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11.     Other than to the extent that this Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or any class (or series) of Preferred Stock, nothing in this Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock or any class (or series) of Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

## Exhibit 1

**Procedures for Transfers of and Declarations of Worthlessness
with Respect to Beneficial Ownership of Common Stock or Preferred Stock**

## PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK OR PREFERRED STOCK

The following procedures apply to transfers of Common Stock or Preferred Stock:[1]

a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, SiO2 Medical Products, Inc., 2250 Riley Street, Alabama 36832, Attn: General Counsel; (ii) proposed co-counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Brian Schartz, P.C. (bschartz@kirkland.com), and Kirkland & Ellis, LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: Joshua M. Altman (josh.altman@kirkland.com), Dan Latona (dan.latona@kirkland.com), and Nicholas Krislov (nick.krislov@kirkland.com); (iii) proposed co-counsel to the Debtors, Cole Schotz P.C., Attn: Justin R. Alberto (jalberto@coleschotz.com), Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), and Seth Van Aalten (svanaalten@coleschotz.com); (iv) counsel to any statutory committee appointed in these chapter 11 cases; (v) the U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer (linda.richenderfer@usdoj.gov); and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Counsel Rule 2002-(b), (collectively, the "Declaration Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1A (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Final Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock that would result in an increase in the amount of Common Stock or any class (or series) of Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or any class (or series) of Preferred Stock, as applicable, substantially in the form attached to the

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Procedures as <u>Exhibit 1B</u> (each, a "<u>Declaration of Intent to Accumulate Common Stock</u> or any series of <u>Preferred Stock</u>").

c.    Prior to effectuating any transfer of Beneficial Ownership of Common Stock or any class (or series)of Preferred Stock that would result in a decrease in the amount of Common Stock or any class (or series) of Preferred Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Declaration Notice Parties, an advance written declaration of the intended transfer of Common Stock or any class (or series) of Preferred Stock, as applicable, substantially in the form attached to the Procedures as <u>Exhibit 1C</u> (each, a "<u>Declaration of Intent to Transfer Common Stock</u> or <u>Preferred Stock</u>," and together with a Declaration of Intent to Accumulate Common Stock or Preferred Stock, each, a "<u>Declaration of Proposed Transfer</u>").

d.    The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Declaration Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, (i) the Debtors must provide written notice to Sullivan & Cromwell LLP (as counsel to the DIP Agent), Young Conaway Stargatt & Taylor LLP (as local bankruptcy counsel to the DIP Agent), Houlihan Lokey Capital, Inc. and any other professionals notified in writing to the Debtors by the DIP Agent; and (ii) such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer. To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

e.    For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "<u>Substantial Shareholder</u>" is any entity or individual person that has Beneficial Ownership of at least:   2,580.78 shares of Common Stock

(representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); (ii) 4.5 percent of any individual class (or series) of Preferred Stock; and (iii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock or Preferred Stock:

    f.      Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Declaration Notice Parties a declaration of such status, substantially in the form attached to the Procedures as Exhibit 1D (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Final Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

    g.      Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Declaration Notice Parties a declaration of intent to claim a worthless stock deduction (a "Declaration of

---

[2]    For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock or any class (or series) of Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

<u>Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as <u>Exhibit 1E</u>.

iv.     The Debtors and the other Declaration Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

v.      If the Debtors or the other Declaration Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

vi.     If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

## **NOTICE PROCEDURES**

The following notice procedures apply to these Procedures:

h.      No later than two business days following entry of the Final Order, the Debtors shall serve a notice by first class mail, substantially in the form attached to the Procedures as <u>Exhibit 1F</u> (the "<u>Notice of Final Order</u>"), on (i) the U.S. Trustee for the District of Delaware; (ii) the entities listed on the consolidated list of creditors holding the 30 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) counsel to any official committee appointed in these chapter 11 cases; (vi) all registered and nominee holders of Common Stock or any class (or series) of Preferred Stock, as applicable; and (vii) any party that has requested notice pursuant to Bankruptcy Rule 2002 or Local Rule 2002-1(b). Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve a Notice of Final Order to reflect that a Final Order has been entered on the same entities that received the Notice of Interim Order.

i.     All registered and nominee holders of Common Stock or any class (or series) of Preferred Stock shall be required to serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or any class (or series) of Preferred Stock, down the chain of ownership for all such holders of Common Stock or any class (or series) of Preferred Stock.

j.     Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or any class (or series) of Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Final Order, as applicable, on such purchaser of such Common Stock or any class (or series) of Preferred Stock, or any broker or agent acting on such purchaser's behalf.

k.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") or the existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of SiO2 Medical Products, Inc.  SiO2 Medical Products, Inc. is a debtor and debtor in possession in Case No. 23-10366 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510). The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2]  For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (A) 2,580.78 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (B) 4.5 percent of any individual class (or series) of Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock/Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
| --- | --- | --- |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

identification number and the amount of Common Stock or Preferred Stock that the Substantial

Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1B**

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

## DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK OR PREFERRED STOCK [2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") or the existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of SiO2 Medical Products, Inc.  SiO2, Medical Products, Inc. is a debtor and debtor in possession in Case

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510).  The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2] For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (A) 2,580.78 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (B) 4.5 percent of any individual class (or series) of Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

No. 23-10366 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock, and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Declaration Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock or any class (or series) of Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
     (City)        (State)

## **Exhibit 1C**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**DECLARATION OF INTENT TO TRANSFER COMMON STOCK OR
PREFERRED STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") or the existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of SiO2 Medical Products, Inc.  SiO2 Medical Products, Inc. is a debtor and debtor in possession in Case No.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510).  The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2]   For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (A) 2,580.78 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) or (B) 4.5 percent of any individual class (or series) of Preferred Stock; and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

23-10366 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock; and _____ shares of Preferred Stock or an Option with respect to _____ shares of Preferred Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock and _____ shares of Preferred Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Declaration Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock or any class (or series) of Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
    (City)       (State)

## **Exhibit 1D**

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) Case No. 23-10366 (JTD) |
| | ) |
| Debtors. | ) (Jointly Administration Requested) |
| | ) |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "<u>Common Stock</u>") or the existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "<u>Preferred Stock</u>") of SiO2 Medical Products, Inc.  SiO2 Medical Products, Inc.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510).  The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2]    For purposes of this Declaration:  (i) a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock or any class (or series) of Preferred Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

is a debtor and debtor in possession in Case No. 23-10366 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Number of Shares | Type of Stock (Common/ Preferred) | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__

_____, _____
    (City)        (State)

## **Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") or the existing classes (or series) of preferred stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of preferred stock, collectively, the "Preferred Stock") of SiO2 Medical Products, Inc. SiO2 Medical Products, Inc. is a debtor and debtor in possession

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510). The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2]    For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has had Beneficial Ownership of 50 percent or more of the Common Stock or Preferred Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

in Case No. 23-10366 (JTD) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock and _____ shares of Preferred Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock and _____ shares of Preferred Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Declaration Notice Parties (as defined in the Final Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Declaration Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock or Preferred Stock that the undersigned party beneficially owns.

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Declaration Notice Parties have twenty calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein. If the Debtors or any of the other Declaration Notice Parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Declaration Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

    (City)       (State)

## Exhibit 1F

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**NOTICE OF FINAL ORDER (I) APPROVING
NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO COMMON STOCK
AND PREFERRED STOCK AND (II) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY
CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES
(OR SERIES) OF COMMON STOCK (THE "COMMON STOCK") OR ANY EXISTING
CLASS (OR SERIES) OF PREFERRED STOCK (THE "PREFERRED STOCK"), OF
SIO2 MEDICAL PRODUCTS, INC.:**

**PLEASE TAKE NOTICE** that on the date hereof (the "Petition Date"), the

above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions

with the United States Bankruptcy Court for the District of Delaware (the "Court") under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain

exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession

of property of or from the Debtors' estates or to exercise control over property of or from the

Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the

*Debtors' Motion for Entry of Interim and Final Orders (I) Approving Notification and Hearing*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510). The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

*Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2023, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and Preferred Stock and (II) Granting Related Relief* [Docket No. __] (the "Final Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock and Preferred Stock set forth in Exhibit 1 attached to the Final Order [Docket No. __] (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock, any series of Preferred Stock, or Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock or any class (or series) of Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

---

[2]   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Final Order or the Motion, as applicable.

All registered and nominee holders of Common Stock or any class (or series) of Preferred Stock shall be required to serve the Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Common Stock or any class (or series) of Preferred Stock, down the chain of ownership for all such holders of Common Stock or any class (or series) of Preferred Stock.  Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock or any class (or series) of Preferred Stock to another entity or individual, shall be required to serve a copy of the Notice of Final Order, as applicable, on such purchaser of such Common Stock or any class (or series) of Preferred Stock, or any broker or agent acting on such purchaser's behalf.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, any class (or series) of Preferred Stock, or Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Donlin Recano & Company, Inc. will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://www.donlinrecano.com/smp.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the procedures set forth in the Final Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock or any class (or series) of Preferred Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Declaration Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Final Order expressly conditions or restricts trading in, or claiming a worthless stock deduction with respect to, Common Stock or any class (or series) of Preferred Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any

3

holders of Common Stock or any class (or series) of Preferred Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, any class (or series) of Preferred Stock, Beneficial Ownership of Common Stock or any class (or series) of Preferred Stock, or option with respect thereto in violation of the Final Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:  [●], 2023                    /s/ DRAFT

                                     Seth Van Aalten (pro hac vice pending)
                                     Justin R. Alberto (No. 5126)
                                     Patrick J. Reilley (No. 4451)
                                     Stacy L. Newman (No. 5044)
                                     **COLE SCHOTZ P.C.**
                                     500 Delaware Avenue, Suite 1410
                                     Wilmington, Delaware 19801
                                     Telephone:    (302) 652-3131
                                     Facsimile:    (302) 652-3117
                                     Email:        svanaalten@coleschotz.com
                                                   jalberto@coleschotz.com
                                                   preilley@coleschotz.com
                                                   snewman@coleschotz.com

                                     -and-

                                     Brian Schartz, P.C. (*pro hac vice* pending)
                                     **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     601 Lexington Avenue
                                     New York, New York 10022
                                     Telephone:    (212) 446-4800
                                     Facsimile:    (212) 446-4900
                                     Email:        bschartz@kirkland.com

                                     -and-

                                     Joshua M. Altman (*pro hac vice* pending)
                                     Dan Latona (*pro hac vice* pending)
                                     **KIRKLAND & ELLIS LLP**
                                     **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                     300 North LaSalle Street
                                     Chicago, Illinois 60654
                                     Telephone:    (312) 862-2000
                                     Facsimile:    (312) 862-2200
                                     Email:        josh.altman@kirkland.com
                                                   dan.latona@kirkland.com

                                     *Proposed Co-Counsel for the Debtors and Debtors in Possession*