**Exhibit 6**

**Form of Notice to Disputed Claim Holders**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SIO2 MEDICAL PRODUCTS, INC., *et al.*,[1] | ) | Case No. 23-10366 (JTD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF NON-VOTING STATUS AND OPT OUT
## OF RELEASES WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Joint Chapter 11 Plan of Reorganization of SiO2 Medical Products, Inc., and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement for the Joint Chapter 11 Plan of Reorganization of SiO2 Medical Products, Inc., and its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the holder of a Claim or Interest that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before [July 6], 2023 (the date that is two business days before the Voting Deadline)** (each, a "Resolution Event"):

1. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2. an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: SiO2 Medical Products, Inc. (8467); Advanced Bioscience Labware, Inc. (1229); and Advanced Bioscience Consumables, Inc. (2510). The location of the Debtors' principal place of business and service address in these chapter 11 cases is 2250 Riley Street, Auburn, Alabama 36832.

[2] Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

3. a stipulation or other agreement is executed between the holder of such Claim and the Debtors temporarily allowing the holder of such Claim or Interest to vote its Claim or Interest in an agreed upon amount; or

4. the pending objection to such Claim is voluntarily withdrawn by the objecting party.

This notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Donlin Recano & Company, Inc., the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent"), by: (a) emailing DRCVote@DonlinRecano.com; or (b) calling the Debtors' restructuring hotline at 1 (800) 591-8236 (US toll free) or (212) 771-1128 (international). You may also obtain copies of any pleadings filed in these chapter 11 cases(a) for a fee via PACER at: http://pacer.psc.uscourts.gov; or (b) at no charge from Donlin Recano & Company, Inc. by accessing the Debtors' restructuring website at https://www.donlinrecano.com/smp.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than one business day thereafter, the Claims and Noticing Agent shall distribute a Ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Claims and Noticing Agent no later than the Voting Deadline, which is on [**July 10], 2023 at 4:00 p.m., prevailing Eastern Time.**

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims or Interests, you should contact the Claims and Noticing Agent in accordance with the instructions provided above.

---

ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE VIII.F CONTAINS A THIRD-PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

ALL HOLDERS OF CLAIMS OR INTERESTS THAT DO NOT ELECT TO OPT OUT OF THE PROVISIONS CONTAINED IN ARTICLE VIII OF THE PLAN USING THE ENCLOSED OPT OUT FORM OR BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WILL BE DEEMED TO HAVE EXPRESSLY, UNCONDITIONALLY, GENERALLY, INDIVIDUALLY, AND COLLECTIVELY CONSENTED TO THE RELEASE AND DISCHARGE OF ALL CLAIMS AND CAUSES OF ACTION AGAINST THE DEBTORS AND THE RELEASED PARTIES. BY ELECTING TO OPT OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.F OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

Dated: [●], 2023

*/s/ DRAFT*
Seth Van Aalten (admitted *pro hac vice*)
Justin R. Alberto (No. 5126)
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
**COLE SCHOTZ P.C.**
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:     (302) 652-3131
Facsimile:      (302) 652-3117
Email:           svanaalten@coleschotz.com
                   jalberto@coleschotz.com
                   preilley@coleschotz.com
                   snewman@coleschotz.com

-and-

Brian Schartz, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           brian.schartz@kirkland.com

-and-

Joshua M. Altman (admitted *pro hac vice*)
Dan Latona (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:           josh.altman@kirkland.com
                   dan.latona@kirkland.com

*Co-Counsel for the Debtors and Debtors in Possession*

**OPTIONAL: RELEASE OPT OUT FORM**

You are receiving this opt out form (the "<u>Opt Out Form</u>") because you are or may be a holder of a Claim or Interest that is not entitled to vote on the *Joint Chapter 11 Plan of Reorganization of SiO2 Medical Products, Inc., and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").  Holders of Claims or Interests are deemed to grant the Third-Party Release set forth in this notice unless a holder affirmatively opts out by completing and returning this form in accordance with the directions herein or files an objection to the Third-Party Release with the Bankruptcy Court on or before **[July 10], 2023, at [4:00] p.m., prevailing Eastern Time** (the "<u>Voting Deadline</u>").

**If you believe you are a holder of a Claim or Interest with respect to the Debtors and choose to opt out of the Third-Party Release set forth in Article VIII.F of the Plan, please promptly complete, sign, and date this Opt Out Form and return it** via first class mail, overnight courier, the claims and noticing Agent's online Opt Out Portal, or hand delivery to Donlin Recano & Copmany, Inc. (the "<u>Claims and Noticing Agent</u>") at the address set forth below.  Holders are strongly encouraged to submit their Opt Out Form through the Claims and Noticing Agent's online Opt Out Portal.  Parties that submit their Opt Out Form using the Opt Out Portal should NOT also submit a paper Opt Out Form.

**THIS OPT OUT FORM MUST BE ACTUALLY RECEIVED BY THE CLAIMS AND NOTICING AGENT BY THE OPT OUT DEADLINE.  IF THE OPT OUT FORM IS RECEIVED AFTER THE OPT OUT DEADLINE, IT WILL NOT BE COUNTED.**

<u>**Item 1**</u>**.**            **Important information regarding releases under the Plan.**[1]

Article VIII.E of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims, asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates, as applicable, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort or otherwise, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, a Reorganized Debtor, their Estates, or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the Debtors' capital structure, management, ownership, or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between or among any Debtor and any Released Party, the ownership and/or operation of the Debtors by any Released Party or the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights and remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions between or among a Debtor or an Affiliate of a Debtor and another Debtor or Affiliate of a Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement, and related prepetition transactions, the DIP Facility, the DIP Credit Agreement**

---

[1] The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Joint Ballot.

**Documents, the Exit Financing, the Exit Financing Documents, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Disclosure Statement, the Plan (including, for avoidance of doubt, the Plan Supplement), before or during the Chapter 11 Cases, any other Definitive Document, or any Restructuring Transactions, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Restructuring Support Agreement, the DIP Facility, the DIP Credit Agreement Documents, the Exit Financing, the Exit Financing Documents, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Disclosure Statement, the Plan (including, for avoidance of doubt, the Plan Supplement), any other Definitive Document, or any Restructuring Transactions, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Restructuring Transactions, including the issuance or distribution of Securities pursuant to the Restructuring Transactions, or the distribution of property pursuant to the Restructuring Transactions, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before, in respect of the foregoing clause, the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any Causes of Action identified in the Schedule of Retained Causes of Action, (ii) the Liquidation Trust Claims, (iii) the Non-Released Parties, and (iv) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit Financing Documents, or any Claim or Obligation arising under the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained in the Plan, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (a) in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (b) a good faith settlement and compromise of the Claims released by the Debtor Release; (c) in the best interests of the Debtors and all Holders of Claims and Interests; (d) fair, equitable, and reasonable; (e) given and made after due notice and opportunity for hearing; and (f) a bar to any of the Debtors, the Reorganized Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release. For the avoidance of doubt, the Debtors do not intend to release (i) the Liquidation Trust Claims, (ii) the Non-Released Parties, and (iii) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit Financing Documents, or any Claim or Obligation arising under the Plan.**

Article VIII.F of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

**Notwithstanding anything contained in this Plan to the contrary, on and after the Effective Date, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions and services of the Released Parties in facilitating the implementation of the restructuring contemplated by the Plan, the adequacy of which is hereby confirmed, pursuant to section 1123(b) of the Bankruptcy Code, in each case except for Claims arising under, or preserved by, the Plan, to the fullest extent permitted under applicable law, each Released Party (other than the Debtors or the Reorganized Debtors) is, and is deemed to be, hereby conclusively, absolutely, unconditionally, irrevocably and forever, released and discharged by each and all of the Releasing Parties (other than the Debtors or the Reorganized Debtors), from any and all Claims and Causes of Action, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all Entities who may purport to assert any Claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims and Causes of Action, including any derivative claims, asserted or assertable on behalf of any of the foregoing Entities, whether known or unknown, foreseen or unforeseen, matured or unmatured, existing or hereafter arising, in law, equity, contract, tort, or otherwise, including any derivative claims asserted or assertable on behalf of the Debtors, the Reorganized Debtors, or their Estates, that such Entity would have been legally**

2

**entitled to assert (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor, a Reorganized Debtor, or their Estates or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the capital structure, management, ownership, or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in this Plan, the business or contractual arrangements between or among any Debtor and any Released Party, the ownership and/or operation of the Debtors by any Released Party or the distribution of any Cash or other property of the Debtors to any Released Party, the assertion or enforcement of rights or remedies against the Debtors, the Debtors' in- or out-of-court restructuring efforts, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or filing of the Restructuring Support Agreement and related prepetition transactions, the DIP Facility, the DIP Credit Agreement Documents, the Exit Financing, the Exit Financing Documents, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Disclosure Statement, the Plan (including, for avoidance of doubt, the Plan Supplement), before and during the Chapter 11 Cases, any other Definitive Document, or any Restructuring Transactions, contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Restructuring Support Agreement, the DIP Facility, the DIP Credit Agreement Documents, the Exit Financing, the Exit Financing Documents, the First Lien Credit Agreement, the Second Lien Credit Agreement, the Disclosure Statement, the Plan (including, for avoidance of doubt, the Plan Supplement), before or during the Chapter 11 Cases, any other Definitive Document, or any Restructuring Transactions, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Restructuring Transactions and/or Plan, or the distribution of property pursuant to the Restructuring Transactions and/or the Plan or any other related agreement, or upon any other act or omission, transaction, agreement, event, or other occurrence related or relating to any of the foregoing taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.  Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) the Liquidation Trust Claims, (ii) the Non-Released Parties, and (iii) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the Exit Financing, the Exit Financing Documents, or any Claim or obligation arising under the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (a) consensual; (b) essential to the Confirmation of the Plan; (c) given in exchange for the good and valuable consideration provided by each of the Released Parties, including the Released Parties' substantial contributions to facilitating the Restructuring Transactions and implementing the Plan; (d) a good faith settlement and compromise of the Claims released by the Third-Party Release; (e) in the best interests of the Debtors and their Estates; (f) fair, equitable, and reasonable; (g) given and made after due notice and opportunity for hearing; and (h) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.  For the avoidance of doubt, no Non-Released Party shall be a Released Party under the Plan.**

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*ABRAMS ENTITIES*" MEANS, COLLECTIVELY, (A) ROBERT S. ABRAMS SOLELY IN HIS CAPACITIES AS FOUNDER, DIRECTOR, OFFICER, AND EQUITY HOLDER OF THE DEBTORS; (B) A. ENTERPRISES, LLC; AND (C) EACH OF THEIR RESPECTIVE AFFILIATES AND RELATED PARTIES.

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEANS ANY AND ALL AVOIDANCE, RECOVERY, SUBORDINATION, OR OTHER CLAIMS AND CAUSES OF ACTIONS THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES OR OTHER AUTHORIZED PARTIES IN INTEREST UNDER THE BANKRUPTCY CODE OR APPLICABLE NON BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER CHAPTER 5 OF THE BANKRUPTCY CODE OR UNDER SIMILAR OR RELATED STATE OR FEDERAL STATUTES AND COMMON LAW.

UNDER THE PLAN, "*D&O CLAIMS*" MEANS ALL CLAIMS OR CAUSES OF ACTION, IF ANY, HELD BY THE DEBTORS, AND THEIR RESPECTIVE ESTATES OR CREDITORS AGAINST THE NON-RELEASED DIRECTORS AND NON-RELEASED OFFICERS, EACH IN THEIR RESPECTIVE CAPACITIES AS SUCH.

UNDER THE PLAN, "*INSURANCE COVERAGE ACTION*" MEANS ANY ACTION AGAINST AN INSURER (OR TO THE EXTENT NECESSARY TO ENFORCE AN ACTION AGAINST AN INSURER) ASSERTING CLAIMS FOR INDEMNIFICATION, REIMBURSEMENT, CONTRIBUTION, OR OTHER PAYMENT UNDER THE D&O LIABILITY INSURANCE POLICIES, ANY ACTION ASSERTING A VIOLATION OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, AND ANY RELATED ACTION; PROVIDED, FOR THE AVOIDANCE OF DOUBT, THAT THE INSURANCE COVERAGE ACTIONS SHALL NOT BE ASSERTED AGAINST ANY RELEASED PARTY.

UNDER THE PLAN, "*LIQUIDATION TRUST CLAIMS*" MEANS (A) ANY CLAIMS AND CAUSES OF ACTION HELD BY THE DEBTORS AND THEIR RESPECTIVE ESTATES AGAINST ANY OF THE NON-RELEASED PARTIES, INCLUDING ANY D&O CLAIM, (B) ANY AVOIDANCE ACTION HELD BY THE DEBTORS AND THEIR ESTATES TO THE EXTENT NOT RELEASED UNDER THE PLAN, WHICH SHALL INCLUDE, FOR THE AVOIDANCE OF DOUBT, THE REJECTED EXECUTORY CONTRACT AVOIDANCE ACTIONS AND ALL AVOIDANCE ACTIONS AGAINST THE NON-RELEASED COMMERCIAL PARTIES, AND (C) ANY PROCEEDS DERIVED FROM ANY INSURANCE COVERAGE ACTION.  THE LIQUIDATION TRUST CLAIMS SHALL EXCLUDE ANY RETAINED CAUSES OF ACTION OR CLAIMS OR CAUSES OF ACTION AGAINST (W) ANY OF THE RELEASED PARTIES; (X) BARDA; (Y) THE REORGANIZED DEBTORS' GO-FORWARD CUSTOMERS (INCLUDING MODERNA); AND (Z) THE REORGANIZED DEBTORS' GO-FORWARD TRADE PARTNERS.

UNDER THE PLAN, "*NON-RELEASED COMMERCIAL PARTIES*" MEANS CUSTOMERS AND TRADE PARTNERS OF THE DEBTORS THAT ARE NOT GO-FORWARD CUSTOMERS OR GO-FORWARD TRADE PARTNERS OF THE REORGANIZED DEBTORS AGAINST WHOM THE DEBTORS AND/OR REORGANIZED DEBTORS, AS APPLICABLE, MAY HOLD AVOIDANCE ACTIONS.

UNDER THE PLAN, "*NON-RELEASED DIRECTORS*" MEANS, COLLECTIVELY, EACH OF THE FOLLOWING FORMER DIRECTORS OF THE DEBTORS:  (A) JOHN STEIN; (B) JOHN BELFANCE; AND (C) TONY ROSENBERG.

UNDER THE PLAN, "*NON-RELEASED OFFICERS*" MEANS ALL FORMER OFFICERS OF THE DEBTORS (OTHER THAN ROBERT S. ABRAMS, SOLELY IN HIS ROLE AS A FORMER OFFICER OF THE DEBTORS).

UNDER THE PLAN, "*NON-RELEASED PARTIES*" MEANS, COLLECTIVELY, (A) THE ABRAMS ENTITIES; (B) THE NON-RELEASED COMMERCIAL PARTIES, (C) THE NON-RELEASED DIRECTORS, AND (D) THE NON-RELEASED OFFICERS.  FOR PURPOSES OF CLARITY, IN NO EVENT SHALL ANY OF THE DEBTORS OR THE REORGANIZED DEBTORS BE A NON-RELEASED PARTY UNDER THE PLAN.

UNDER THE PLAN, "*RELEASED PARTY*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) OAKTREE, INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE INITIAL PLAN SPONSORS AND HOLDERS OF FIRST LIEN TERM LOAN CLAIMS; (D) ANY ULTIMATE PLAN SPONSOR; (E) THE DIP LENDERS; (F) THE AGENTS; (G) ATHOS, INCLUDING, FOR THE AVOIDANCE OF DOUBT, HOLDERS OF SECOND LIEN TERM LOAN CLAIMS AND HOLDERS OF ATHOS SUBORDINATED CLAIMS; (H) ALL HOLDERS OF CLAIMS; (I) THE DEBTORS' EMPLOYEES (WHICH, FOR THE AVOIDANCE OF DOUBT, SHALL NOT INCLUDE ANY NON-RELEASED PARTY); (J) THE REORGANIZED DEBTORS GO-FORWARD VENDORS AND CUSTOMERS, OTHER THAN BARDA AND MODERNA; (K) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (L); (L) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (L); AND (M) EACH DEBTOR RELATED PARTY OF EACH ENTITY IN CLAUSE (A) AND (B); *PROVIDED*, *HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT: (X) ELECTS TO OPT OUT OF THE THIRD PARTY RELEASE; OR (Y) TIMELY OBJECTS TO THE THIRD PARTY RELEASE AND SUCH OBJECTION IS NOT WITHDRAWN BEFORE CONFIRMATION; *PROVIDED*, *FURTHER*, *HOWEVER* THAT NOTWITHSTANDING THE FOREGOING OR ANYTHING HEREIN TO THE CONTRARY, NO NON-RELEASED PARTY SHALL BE A RELEASED PARTY UNDER THE PLAN. FOR THE AVOIDANCE OF DOUBT, THE ABRAMS ENTITIES SHALL NOT BE RELEASED PARTIES IN THEIR CAPACITIES AS GUARANTORS UNDER THE SOUTHERN STATES CAPEX CREDIT AGREEMENT AND THE SOUTHERN STATES CARES CREDIT AGREEMENT, AS THE CASE MAY BE.

UNDER THE PLAN, "*RELEASING PARTIES*" MEANS, COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) OAKTREE, INCLUDING, FOR THE AVOIDANCE OF DOUBT, THE INITIAL PLAN SPONSORS AND HOLDERS OF FIRST LIEN TERM LOAN CLAIMS; (D) ANY ULTIMATE PLAN SPONSOR; (E) THE DIP LENDERS; (F) THE AGENTS; (G) ATHOS, INCLUDING, FOR THE AVOIDANCE OF DOUBT, HOLDERS OF SECOND LIEN TERM LOAN CLAIMS AND HOLDERS OF ATHOS SUBORDINATED CLAIMS; (H) ALL HOLDERS OF CLAIMS; (I) ALL HOLDERS OF INTERESTS; (J) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (K); AND (K) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (K) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE LAW; *PROVIDED*, *HOWEVER*, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASING PARTY IF IT: (X) ELECTS TO OPT OUT OF THE RELEASE CONTAINED IN THE PLAN; (Y) TIMELY OBJECTS TO THE THIRD PARTY RELEASE AND SUCH OBJECTION IS NOT WITHDRAWN BEFORE CONFIRMATION; OR (Z) IS A NON-RELEASED PARTY.

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

AS A HOLDER OF CLAIMS AGAINST OR INTERESTS IN THE DEBTORS, YOU ARE A "RELEASING PARTY" UNDER THE PLAN AND ARE DEEMED TO PROVIDE THE THIRD-PARTY RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN, AS SET FORTH ABOVE. YOU MAY CHECK THE BOX BELOW TO ELECT NOT TO GRANT THE RELEASE CONTAINED IN ARTICLE VIII.G OF THE PLAN. YOU WILL NOT BE CONSIDERED A "RELEASING PARTY" UNDER THE PLAN IF YOU CHECK THE BOX BELOW AND SUBMIT THE OPT OUT BY THE VOTING DEADLINE. YOU MAY ALSO VALIDLY OPT OUT OF THE RELEASES BY FILING AN OBJECTION TO THE RELEASES CONTAINED IN THE PLAN WITH THE BANKRUPTCY COURT PRIOR TO THE PLAN OBJECTION DEADLINE THAT IS NOT RESOLVED BEFORE CONFIRMATION. THE ELECTION TO WITHHOLD CONSENT TO GRANT THE THIRD-PARTY RELEASE IS AT YOUR OPTION, SUBJECT TO ANY OBLIGATION YOU MAY HAVE UNDER THE RESTRUCTURING SUPPORT AGREEMENT. BY OPTING OUT OF THE RELEASES SET FORTH IN ARTICLE VIII.F OF THE PLAN, YOU WILL FOREGO THE BENEFIT OF OBTAINING THE RELEASES SET FORTH IN ARTICLE VIII.F OF THE PLAN IF YOU ARE A RELEASED PARTY IN CONNECTION THEREWITH.

YOU WILL RECEIVE THE SAME TREATMENT ON ACCOUNT OF YOUR CLAIM(S) OR INTEREST(S) UNDER THE PLAN REGARDLESS OF WHETHER YOU ELECT TO NOT GRANT THE RELEASE CONTAINED IN ARTICLE VIII.F OF THE PLAN.

**OPTIONAL RELEASE ELECTION**. **YOU MAY ELECT TO OPT OUT OF THE RELEASE CONTAINED IN ARTICLE VIII.G OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW:**

☐ **The Undersigned holder of the Claim or Interest elects to OPT OUT of the Third-Party Release**

Article VIII.G of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

> **Notwithstanding anything contained in this Plan to the contrary, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or Third-Party Release, effective as of the Effective Date, no Exculpated Party shall have or incur liability or obligation for, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, filing, or termination of the Restructuring Support Agreement and related prepetition transactions, the DIP Facility, the DIP Credit Agreement Documents, the Exit Financing, the Exit Financing Documents, the Disclosure Statement, the Plan (including, for avoidance of doubt, the Plan Supplement), any other Definitive Document, or any Restructuring Transaction, contract, instrument, release or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract, instrument, document or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) relating to any of the foregoing, created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the Exit Financing, the Exit Financing Documents, the Disclosure Statement, the Plan, the Plan Supplement, before or during the Chapter 11 Cases, any preference, fraudulent transfer, or other avoidance claim arising pursuant to chapter 5 of the Bankruptcy Code or other applicable law, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for Claims related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**
>
> **The Exculpated Parties have, and upon confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. For the avoidance of doubt, no Non-Released Party shall be an Exculpated Party under the Plan.**

Article VIII.H of the Plan establishes an injunction (the "**Injunction**"):

> **Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold claims or interests or Causes of Action or liabilities that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such claims or**

**interests or Causes of Action or liabilities; (iii) creating, perfecting, or enforcing any lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities unless such Entity has timely asserted such setoff right in a document Filed with the Bankruptcy Court explicitly preserving such setoff, and notwithstanding an indication of a claim or interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such claims or interests or Causes of Action or liabilities released or settled pursuant to the Plan.**

**By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including the injunctions set forth above.**

**The injunctions set forth above shall extend to any successors of the Debtors, the Reorganized Debtors, the Released Parties, and the Exculpated Parties and their respective property and interests in property. No Person or Entity may commence or pursue a Claim or Cause of Action of any kind against the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to Article VIII.E, Article VIII.F, and Article VIII.G hereof, without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action represents a colorable Claim of any kind, and (ii) specifically authorizing such Person or Entity to bring such Claim or Cause of Action against any such Debtor, Reorganized Debtor, Exculpated Party, or Released Party.**

**The Bankruptcy Court will have sole and exclusive jurisdiction to adjudicate the underlying colorable Claim or Causes of Action.**

**Item 2.**     **Certifications.**

By signing this Opt Out Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)     as of the Voting Record Date, either: (i) the Entity is the holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a holder of a Claim or Interest;

(b)     the Entity (or in the case of an authorized signatory, the holder) has received a copy of the *Notice of Non-Voting Status to Holders of Unimpaired Claims or Interests Conclusively Deemed to Accept the Plan* and that this Opt Out Form is made pursuant to the terms and conditions set forth therein;

(c)     the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)     no other Opt Out Form has been submitted or, if any other Opt Out Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt Out Forms are hereby revoked.

Name of Holder: _____
(*print or type*)

Signature: _____

Name of Signatory: _____
(*if other than Holder*)

Title: _____

Address: _____
_____
_____

Telephone Number: _____

Email: _____

Date Completed: _____

**IF YOU HAVE MADE THE OPTIONAL OPT OUT ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT OUT FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

**By first class mail to:**

Donlin Recano & Company, Inc.
Re: SiO2 Medical Products, Inc.
P.O. Box 199043
Blythebourne Station
Brooklyn, NY 11219

**By overnight courier, or hand delivery to:**

Donlin Recano & Company, Inc.
Re: SiO2 Medical Product, Inc.
6201 15th Avenue
Brooklyn, NY 11219

**If you would like to coordinate hand delivery of your Opt Out Form, please email DRCVote@DonlinRecano.com and provide the anticipated date and time of your delivery.**

**OR**

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt Out Forms if properly completed through the Opt Out Portal. To submit your Opt Out Form, please visit https://www.donlinrecano.com/clients/smp/vote (the "Opt Out Portal") and follow the instructions to submit your Opt Out Form.

_____

**The Claims and Noticing Agent's Opt Out Portal is the sole manner in which Opt Out Forms will be accepted via electronic or online transmission.  Opt Out Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Opt Out Form using the Opt Out Portal should **NOT** also submit a paper Opt Out Form.

> **THE VOTING DEADLINE IS [4:00] P.M., PREVAILING EASTERN TIME, ON [JULY 10], 2023.**
>
> THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT OUT ELECTION ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT OUT FORM, PLEASE CONTACT DRCVote@DonlinRecano.com FOR FURTHER ASSISTANCE.